IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SIMMON LEE WILCOX,<br><br>          Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255<br><br>Civil Case No. 2:18-CV-78 TS<br><br>Criminal Case No. 2:13-CR-717 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Petitioner's Motion brought pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the Court will deny the Motion and dismiss this case.

## I. BACKGROUND

Petitioner, along with five others, was named in an Indictment on October 23, 2013. Petitioner was charged with conspiracy to distribute oxycodone, distribution of oxycodone, and three counts of distribution of hydrocodone. Petitioner proceeded to trial, beginning on January 19, 2016. At the conclusion of the trial, Petitioner was found guilty of conspiracy to distribute oxycodone and distribution of oxycodone. He was acquitted of the distribution of hydrocodone charges.

On May 9, 2016, Petitioner was sentenced to a term of 100 months' in the custody of the Bureau of Prisons, to be followed by 36 months of supervised release. Petitioner timely filed a direct appeal. The Tenth Circuit Court of Appeals affirmed Petitioner's sentence and issued its mandate on December 19, 2017. Petitioner filed the instant Motion on January 23, 2018.

1

II.  DISCUSSION

Petitioner's Motion raises three claims of ineffective assistance of counsel.  Petitioner argues that counsel was ineffective for failing to: (1) object to the government's statement in closing argument; (2) insist on a pre-trial ruling regarding the admissibility of co-conspirator statements; and (3) object to the government's use of leading questions.  In addition, Petitioner argues that his sentence should be reduced.

A.  INEFFECTIVE ASSISTANCE OF COUNSEL

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffective assistance of counsel.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[1]  To establish prejudice, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[2]

A court is to review Petitioner's ineffective-assistance-of-counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[3]  In addition, in evaluating counsel's performance, the focus is not on what is prudent or appropriate, but only what is constitutionally compelled.[4]  Finally, "[t]here is a strong presumption that

---

[1] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 690 (1984)).

[2] *Strickland*, 466 U.S. at 694.

[3] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[4] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[5]

   1.   *Closing Argument*

Petitioner first argues that his counsel was ineffective for failing to object to certain statements made by the prosecutor during closing arguments. "A prosecutor may not use closing argument to inflame the passions and prejudices of the jury."[6] "Appeals to the jury's emotion or sense of vengeance 'call into question the integrity of the criminal justice system' by encouraging the jury to convict based on outrage, and not on the evidence."[7] "This restriction 'is balanced, however, by the acknowledgement that in an emotionally charged trial, the prosecutor's closing argument need not be confined to such detached exposition as would be appropriate in a lecture.'"[8]

"A prosecutor's improper statement to the jury is harmless unless there is reason to believe that it influenced the jury's verdict."[9] "In assessing whether the misconduct had such an impact, we consider the trial as a whole, including 'the curative acts of the district court, the extent of the misconduct, and the role of the misconduct within the case.'"[10] Petitioner is not

---

[5] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000) (quoting *United States v. Williams*, 948 F. Supp. 956, 960 (D. Kan. 1996)).

[6] *Malicoat v. Mullin*, 426 F.3d 1241, 1256 (10th Cir. 2005).

[7] *Wilson v. Sirmons*, 536 F.3d 1064, 1121 (10th Cir. 2008) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1028 (10th Cir. 2006)) (alteration omitted).

[8] *United States v. Fleming*, 667 F.3d 1098, 1104 (10th Cir. 2011) (quoting *United States v. Jones*, 468 F.3d 704, 708 (10th Cir. 2006)).

[9] *United States v. Ivy*, 83 F.3d 1266, 1288 (10th Cir. 1996) (quoting *United States v. Ramirez*, 63 F.3d 934, 944 (10th Cir. 1995)).

[10] *Ramirez*, 63 F.3d at 944 (quoting *United States v. Martinez-Nava*, 838 F.2d 411, 416 (10th Cir. 1988)).

entitled to relief "if the misconduct was merely 'singular and isolated.'"[11] Rather, "the misconduct must have been 'flagrant enough to influence the jury to convict on grounds other than the evidence presented.'"[12]

During closing arguments, the prosecutor referenced the testimony of Ashley Dove. During her testimony, Ms. Dove explained to the jury the effect her addiction had on her life. In particular, she stated that she felt like she lost her soul.[13] In his closing, the prosecutor stated: "Recall Ashley Dove who said that because of Dr. Wilcox, I lost my soul."[14] The prosecutor went on to conclude his closing statements as follows:

> Think of all the pain that was caused, all the souls that were lost by 70,000 oxycodone pills. Determine the evidence based on witness testimony, follow the law based on the instructions you were given, and on the verdict form, I'm asking you to return a verdict of guilty for conspiracy to distribute oxycodone, for distribution of oxycodone outside the bounds of professional medical practice and not for legitimate purpose, and also on Counts 8 through 10 for the visits with the undercovers in which he prescribed hydrocodone outside the bounds of professional medical practice and not for a legitimate medical purpose. Thank you.
> Please do justice and return verdicts of guilty. Thank you.[15]

Counsel for Petitioner did not object to these statements and Petitioner argues that he was ineffective in failing to do so. Petitioner argues that "[t]his nefarious, inflammatory insinuation unquestionably suggested a lethal degree of actual harm that was not supported by any testimony

---

[11] *Ivy*, 83 F.3d at 1288 (quoting *United States v. Pena*, 930 F.2d 1486, 1491 (10th Cir. 1991)).

[12] *Id.* (quoting *Ramirez*, 63 F.3d at 944).

[13] Trial Tr. 399:10–15; *Id.* at 413:13–22.

[14] *Id.* at 1204:7–8.

[15] *Id.* at 1204:12–23.

4

or evidence."[16] When read in isolation, the statement about "lost souls" may seem to indicate that the prosecutor was suggesting that Petitioner engaged in conduct resulting in death. However, the Court must review the statements in context.[17] When put in its proper context, this statement does not suggest that Petitioner's actions resulted in death. As set forth above, Ms. Dove described how her addiction made her feel like she had lost her soul. The prosecutor's statement merely put Petitioner's conduct into context given the large amount of pills he was involved with distributing. The prosecutor highlighted for the jury the negative effects that resulted from Petitioner's behavior. Such statements are not improper and, therefore, counsel's performance was not deficient in failing to object.

Even if the prosecutor's statements were inappropriate, Petitioner's claim still fails. The jury was informed on two different occasions that closing arguments were not evidence.[18] Moreover, the prosecutor's statement about lost souls was singular and isolated, occurring at the end of closing arguments. Petitioner's counsel had the opportunity and took the opportunity to address those remarks in his closing argument.[19] There is nothing to suggest that the jury's conviction was based on these statements. This is especially true given the overwhelming evidence against Petitioner on the counts of conviction.

---

[16] Docket No. 1, at 3.

[17] *Fleming*, 667 F.3d at 1105 ("[W]hen evaluating whether a statement is improper, we must view the statement in context.").

[18] Case No. 2:13-CR-717 TS, Docket No. 277 ("Statements, arguments and questions by lawyers are not evidence;" "You are not to consider the opening statements and the arguments of counsel as evidence.").

[19] Trial Tr. 1252:15–22.

Petitioner further argues that these statements improperly "influenced the sentence imposed through the application of the 3553(a) factors."[20] However, the Court has "broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a)."[21] Petitioner points to nothing to suggest that the Court should not have considered the devastating effect that drugs, particularly opioids, have on society when determining Petitioner's sentence. At sentencing, the Court recognized that "Oxycodone is a dangerous drug that has destroyed many lives, including those that were involved in this conspiracy."[22] The Court noted that "opiate addiction has become an epidemic in this country, and Utah has been particularly hard hit."[23] Because of this, the Court needed "to impose a sentence that will deter not only this defendant, but others from similar conduct. It must impose a sentence that will protect the public from others doing similar things in the future."[24] These are proper considerations under the 3553(a) factors. Even considering these things, the Court still sentenced Petitioner to a sentence well below the guideline range. Counsel's failure to object to the prosecutor's statement during closing arguments would not have altered the sentencing proceeding. Therefore, this claim fails.

2. *Co-Conspirator Statements*

Federal Rule Evidence 801(d)(2)(E) provides: "A statement that meets the following conditions is not hearsay: . . . [t]he statement is offered against an opposing party and . . . was made by the party's coconspirator during and in furtherance of the conspiracy." Under Rule

---

[20] Docket No. 1, at 3.

[21] *United States v. Lente*, 759 F.3d 1149, 1169 (10th Cir. 2014) (quoting *United States v. Yanez-Rodriguez*, 555 F.3d 931, 946 (10th Cir. 2009)).

[22] Case No. 2:13-CR-717 TS, Docket No. 350, at 57:12–13.

[23] *Id.* at 57:16–17.

[24] *Id.* at 57:18–21.

801(d)(2)(E), statements by co-conspirators are properly admissible as non-hearsay at trial if the Court determines, by a preponderance of the evidence, that (1) a conspiracy existed; (2) the declarant and the defendant were both members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy.[25]

Prior to trial, the Court held a *James*[26] hearing after which it determined that a conspiracy existed and that at least Petitioner, Patricia Robichaux, Benjamin David Grisel, Brenda Ann Grisel, Jeron Scott Hales, Randall David Ayrton, and Jeremy Daniel Perkins were members of the conspiracy.[27] However, the Court was unable to determine whether the statements the government would seek to introduce were made during the course and in furtherance of the conspiracy. The Court reserved the issue for trial and stated that it would "rule upon the individual statements as they arise in that setting."[28]

At trial, Petitioner's counsel did not request the Court make a determination as to whether any of the co-conspirator statements that were introduced were made in the course of and in furtherance of the conspiracy. Assuming that counsel's performance was deficient in this regard, Petitioner's claim still fails. In his initial Motion, Petitioner failed to point to any specific statement that he believes was improperly introduced. In his Reply, Petitioner does point to certain evidence he believes was improperly admitted. However, even assuming certain statements should not have been admitted, Petitioner has failed to show a reasonable probability

---

[25] *United States v. Urena*, 27 F.3d 1487, 1490 (10th Cir. 1994).

[26] *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917 (1979). A *James* hearing is the "strongly preferred" method in the Tenth Circuit of determining the admissibility of co-conspirator statements. *Urena*, 27 F.3d at 1491.

[27] Case No. 2:13-CR-717 TS, Docket No. 220.

[28] *Id.* at 8.

that the outcome of the trial or sentencing would have been different. As to those counts on which he was convicted, the evidence against Petitioner was overwhelming. The exclusion of a few co-conspirator statements would not have altered the outcome. Moreover, Petitioner received a substantial downward variance at sentencing. The inclusion or exclusion of certain co-conspirator statements would not have affected the Court's sentencing determination. Therefore, this claim fails.

    *3.    Leading Questions*

Petitioner next argues that his counsel was ineffective for failing to object to leading questions during the re-direct of Ms. Dove, which "led to the improper suggestion of the Defendant using his prescription pad as currency."[29] Petitioner has failed to show how counsel's failure to object to a single leading question was constitutionally deficient. Nevertheless, this claim also fails on the prejudice prong.

Petitioner has failed to demonstrate a reasonable probability that the proceedings would have been different had counsel objected to this line of questioning. The record was replete with references to Petitioner freely handing out prescriptions for Oxycodone. There is also testimony from Ms. Dove, solicited without the use of leading questions, that Petitioner sometimes paid her in prescriptions for work that she had performed.[30] Ms. Dove further testified that Petitioner was going to pay her in prescriptions in exchange for a puppy.[31] Thus, there was ample testimony to support the inference that Petitioner used his prescription pad as currency even without the specific statement of which Plaintiff complains. Therefore, this claim fails.

---

[29] Docket No. 1, at 5.

[30] Trial Tr. 401:16–23; *Id.* 404:19–405:7.

[31] *Id.* at 406:12–408:9.

B.	SENTENCE REDUCTION

Petitioner also requests the Court examine the activities he has engaged in while in custody. He states "his theological studies [have] triggered a spiritual awakening to fortify his capability to be of service to society in a greater capacity."[32] As a result, he requests the Court lower his sentence.

Petitioner has failed to provide any basis for the Court to reduce his sentence. "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[33] Petitioner's ineffective assistance claims fail. Thus, there is no basis to reduce his sentence under § 2255. Additionally, nothing in 18 U.S.C. § 3582(c) or Federal Rule of Criminal Procedure 36 would allow the Court to reduce his sentence.

Petitioner relies on *Pepper v. United States*,[34] to support his request. In *Pepper*, the Supreme Court held that, "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and that such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."[35] However, Petitioner's sentence has not been set aside on appeal and will not be set aside in this proceeding. Thus, while his post-sentence conduct is commendable, it does not provide a basis for a reduction in his sentence.[36]

---

[32] Docket No. 1, at 6.

[33] *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

[34] 562 U.S. 476 (2011).

[35] *Id.* at 490.

[36] *See United States v. Angell*, 256 F. Supp. 3d 557, 563 & n.23 (E.D. Pa. 2017).

## III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion pursuant to 28 U.S.C. § 2255 (Docket No. 1 in Case No. 2:18-CV-78 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

DATED this 11th day of June, 2018.

BY THE COURT:

Ted Stewart
United States District Judge